**Ex parte Anthony Luis YATES.**

**No. 04–97–00530–CR.**

Court of Appeals of Texas,
San Antonio.

March 25, 1998.

Rehearing Overruled April 15, 1998.

George Scharmen, San Antonio, for Appellant.

Robert Covington, County Attorney, Clark S. Butler, Assistant County Attorney, Seguin, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

**OPINION**

HARDBERGER, Chief Justice.

Anthony Luis Yates ("Yates") appeals the trial court's order denying him the relief requested in his pretrial writ of habeas corpus. In his application, Yates asserted that the State was collaterally estopped from relitigating whether probable cause existed to arrest him based on the findings of an administrative law judge at a driver's license suspension hearing. In three points of error, Yates contends that the trial court erred in denying relief because: (1) the doctrine of collateral estoppel precluded relitigation of the issue; (2) collateral estoppel is a constitutional doctrine afforded greater protection under the Texas Constitution; and (3) section 724.048 of the Texas Transportation Code unconstitutionally violates the separation of powers clause. We conclude that an application for habeas relief is not a proper method for raising the collateral estoppel issue in this case, and we affirm the trial court's order denying the requested relief.

FACTUAL AND PROCEDURAL BACKGROUND

Yates was arrested on September 14, 1996 for driving while intoxicated. On October 15, 1996, Yates was charged with the misdemeanor offense in county court. In addition

to the criminal charge, Yates was also subject to having his driver's license suspended under the Texas Transportation Code for refusing to provide a breath specimen.

On October 31, 1996, an administrative hearing was held regarding the driver's license suspension. The administrative law judge found that the Texas Department of Public Safety "failed to prove that probable cause existed to believe [Yates] was operating the motor vehicle while intoxicated." The administrative law judge concluded that the evidence presented was insufficient to establish all issues/elements set out in section 524.035 or 724.043 by a preponderance of the evidence.

Yates filed two motions to suppress in the trial court. One motion to suppress was based on collateral estoppel. The other motion to suppress was based on the absence of probable cause. Both motions were considered by the trial court at the same hearing. The motion to suppress based on collateral estoppel was heard first, taken under advisement, and later denied. The motion to suppress based on the absence of probable cause was denied at the conclusion of the hearing.

After the trial court denied Yates's motion to suppress based on collateral estoppel, Yates filed an application for writ of habeas corpus on the same basis. The trial court denied the requested relief after a hearing on the merits. Yates appeals from this denial.

### PROPRIETY OF HABEAS RELIEF

The State contends that habeas relief is inappropriate and asserts that Yates should instead seek relief on direct appeal, citing *Ex parte Culver*, 932 S.W.2d 207 (Tex.App.—El Paso 1996, pet. ref'd). In *Culver*, the El Paso court held that it did not have jurisdiction over collateral estoppel claims based on due process. *Culver*, 932 S.W.2d 207, 211. However, the court expressly stated that a defendant may, by pretrial habeas corpus, raise claims based on collateral estoppel as embodied in the Double Jeopardy Clause of

the Fifth Amendment. *Id.* at 210. The court explained that if the defendant were not allowed to do so, the protections of double jeopardy and collateral estoppel would be effectively undermined. *Id.* The Court of Criminal Appeals has also held that collateral estoppel is one of the "incidents of" the Fifth Amendment right not to be exposed to double jeopardy, and a petition for a writ of habeas corpus is the proper procedure to challenge this exposure. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982); *see also Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex.Crim.App.1986).

■ However, the Court of Criminal Appeals has most recently stated that the rule of collateral estoppel embodied in the Fifth Amendment is not implicated in cases involving a criminal prosecution following an administrative license suspension proceeding. *See State v. Brabson*, 966 S.W.2d 493, 495 n. 2 (Tex.Crim.App.1998)(collateral estoppel embodied in Fifth Amendment only bars later prosecution for separate offense where the Government has lost an earlier prosecution involving the same facts). In the absence of a double jeopardy implication, we can find no authority that would permit Yates to raise the collateral estoppel complaint by an application for habeas relief. Therefore, we conclude the trial court did not abuse its discretion in denying the requested relief.[1]

---

1. We note that even if an application for habeas relief was a proper means to raise the issue, the trial court would not have abused its discretion in denying the relief because the district attorney bringing the action against Yates in the criminal proceeding is not the same party as the Texas Department of Public Safety, who sought the suspension of Yates's driver's license in the administrative proceeding. *See Brabson*, at 496.