**Ex parte Frederick KEELER, Jr.**

**No. 04–97–00812–CR.**

Court of Appeals of Texas,
San Antonio.

July 31, 1998.

Jimmy Parks, Phillips & Parks, San Antonio, for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before TOM RICKHOFF, SARAH B. DUNCAN, and KAREN ANGELINI, JJ.

## OPINION

KAREN ANGELINI, Justice.

Frederick Keeler, Jr. appeals the denial of the relief requested in his pre-trial writ of habeas corpus. Keeler contends that the trial court erred in denying him relief because collateral estoppel bars the State from relitigating issues surrounding his arrest for driving while intoxicated that were addressed in an administrative license suspension hearing. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 1996, Keeler was arrested for driving while intoxicated. On July 1, 1996, he was charged with misdemeanor DWI. In addition to the criminal charges, Keeler was subject to having his driver's license suspended for refusing to submit to an intoxilyzer test. *See* TEX.TRANSP.CODE ANN. § 724.035 (Vernon Pamph.1998).

Keeler contested the license suspension, and an administrative hearing was held on July 22, 1996. The administrative law judge determined that the evidence presented did not establish that the arresting officer had reasonable suspicion to stop or probable cause to arrest Keeler. Accordingly, the administrative law judge denied the Texas Department of Public Safety's petition to suspend Keeler's driver's license.

On August 13, 1997, Keeler filed an application for writ of habeas corpus in the trial court where his criminal charges were pending. In the application, he argued that the

State was collaterally estopped from relitigating the validity of his stop and arrest. Following a hearing on Keeler's application, the trial court denied the relief requested.

### ARGUMENT AND AUTHORITY

 Keeler contends that the decision of the administrative law judge should be binding upon the trial court pursuant to the doctrine of collateral estoppel embodied in the double jeopardy protections of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 14 of the Texas Constitution. Generally, collateral estoppel may be raised in a pre-trial application for writ of habeas corpus as a means of challenging double jeopardy. *See State v. Aguilar*, 947 S.W.2d 257, 259 (Tex. Crim.App.1997); *Ex parte Gonzales*, 667 S.W.2d 932, 935 (Tex.App.—Austin 1984, pet. ref'd). However, in cases where double jeopardy is not applicable, the doctrine of collateral estoppel is not implicated. *Ex parte Gregerman*, 974 S.W.2d 800, 802–03 (Tex. App.—Houston [14th Dist.], 1998, no pet. h.).

A license suspension hearing is remedial in nature and does not authorize criminal punishment; therefore, it does not place the licensee in jeopardy. *Tharp v. State*, 935 S.W.2d 157, 161 (Tex.Crim.App.1996); *Ex parte Avilez*, 929 S.W.2d 677, 679 (Tex. App.—San Antonio 1996, no pet.). Consequently, the doctrine of collateral estoppel embodied in constitutional double jeopardy protections does not apply in cases involving a criminal prosecution following an administrative license suspension proceeding. *State v. Brabson*, 976 S.W.2d 182, 183 n. 2 (Tex. Crim.App.1998); *Ex parte Yates*, 966 S.W.2d 743, 744 (Tex.App.—San Antonio 1998, pet. filed); *Gregerman*, at 802–03. An application for habeas relief was, therefore, an improper means for raising a collateral estoppel complaint in this case.[1] Under these circumstances, we must conclude that the trial court

did not err in denying the requested relief. *See Yates*, 966 S.W.2d at 744.

The trial court's order is affirmed.

---

1. We note that even if an application for habeas relief was the proper means of raising a collateral estoppel complaint, the trial court would not have abused its discretion in denying the relief requested because the district attorney prosecuting the criminal action against Keeler is not the same party as the Texas Department of Public Safety, who sought the suspension of Keeler's driver's license in the administrative hearing. *See Brabson*, 976 S.W.2d at 184.