TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00468-CR






Alejandro Escobedo, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT OF MCCULLOCH COUNTY


NO. 8648, HONORABLE RANDY YOUNG, JUDGE PRESIDING






 Alejandro Escobedo appeals from his conviction for stalking. See Tex. Penal Code
Ann. § 42.072 (West Supp. 2000). After finding him guilty, the jury assessed punishment at a
$500.00 fine and confinement for one year in jail, with all but thirty days of the jail time
probated. Escobedo does not challenge the sufficiency of the evidence to support his conviction. 
In two points of error, he challenges the stalking statute as unconstitutionally vague and as a
Fourteenth Amendment due process violation for failing to give adequate notice of the proscribed
acts. (1) We will affirm the trial court's judgment.

Discussion


 Escobedo challenges only the following part of the statute as vague:


(a) A person commits an offense if the person, on more than one occasion and
pursuant to the same scheme or course of conduct that is directed specifically
at another knowingly engages in conduct, including following the other
person, that:


 . . . .


 (3) would cause a reasonable person to fear:


 . . . .


 (C) that an offense will be committed against the person's property.



Tex. Penal Code Ann. § 42.072(a)(3)(C) (West Supp. 2000). Escobedo argues that the statute is
too vague to satisfy the concerns expressed in Long v. State, 931 S.W.2d 285 (Tex. Crim. App.
1996), which held an earlier version of the stalking law unconstitutional. He contends it is overly
vague because the terms "conduct" and "offense" are not defined anywhere in the statute. We
disagree.

 All laws carry a presumption of validity. See Ex Parte Benavides, 801 S.W.2d
535, 537 (Tex. App.--Houston [1st Dist.] 1990, no pet.). The party challenging a statute has the
burden to establish its unconstitutionality. See Ex parte Granviel, 561 S.W.2d 503, 511 (Tex.
Crim. App. 1978). A person of ordinary intelligence must be given a reasonable opportunity to
know what is prohibited. See Grayned v. Rockford, 408 U.S. 104, 108 (1972); Long v. State, 931
S.W.2d 285, 287 (Tex. Crim. App. 1996). The law must establish determinate guidelines for law
enforcement. See Grayned, 408 U.S. at 108-09; Long, 931 S.W.2d at 287. Due process
vagueness standards are less exacting that those dictated by the First Amendment. See Sanchez
v. State, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999); Long, 931 S.W.2d at 287-88. Absent
First Amendment considerations, a facial challenge can be successfully maintained only if the
statute is vague in all its applications. See Sanchez, 995 S.W.2d at 683; Long, 931 S.W.2d at 295
(citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95
(1982)).

 A statute is not rendered vague merely because words or terms are not specifically
defined. See Ahearn v. State, 588 S.W.2d 327, 338 (Tex. Crim. App. 1979). However,
"conduct" has a specific definition that applies throughout the Penal Code: "Conduct means an
act or omission and its accompanying mental state." Tex. Penal Code Ann. § 1.07(a)(10) (West
1994). "Offense" is defined by exclusion: "Conduct does not constitute an offense unless it is
defined as an offense by statute . . . ." Tex. Penal Code Ann. § 1.03(a) (West 1994). Conduct
that is punishable as a crime is generally defined as "A person commits an offense . . . ."

 A reasonable interpretation of the challenged part of the statute, "an offense against
property" is that a crime would be committed against the property in question. Crimes against
property in the Penal Code fall into the broad categories of entering property without the owner's
consent, taking property without the owner's consent, and damaging or destroying property
without the owner's consent. All of these categories embrace conduct that we expect every
reasonable person to know is unlawful.

 After reviewing the charge and the excerpt from the reporter's record (2) in which
Escobedo objected to the charge, it appears that the essence of his complaint is that under the 
statute the same physical act, which colloquially could be labeled "conduct," is sometimes
criminal and sometimes not. In this case, among the multiple acts supporting the stalking charge
was Escobedo's entry into his former wife's residence (he stated he had a key) and removal of
some personal property. To the degree that Escobedo is trying to complain that he cannot know
when entering a house is criminal conduct and when the same act is not criminal, the answer is
that, for that conduct to be criminal, the act must be accompanied by the requisite mental state,
and the owner's consent must be lacking. If the State failed to prove lack of consent, it could not
show Escobedo committed an offense. Escobedo's concern could be raised about many criminal
offenses; what distinguishes criminal from non-criminal conduct does not necessarily turn on the
nature of the physical activity. Finally, Escobedo has not explicitly argued that the statute is
vague on its face nor has he demonstrated that there is no constitutional application possible. See
Long, 931 S.W.2d at 295.


Conclusion


 We conclude that a person of ordinary intelligence would have a reasonable
opportunity to know what the challenged section of the statute prohibits. Accordingly, we hold
that the challenged section of the statute is not unconstitutionally vague under either the Due
Course provision of the Texas Constitution or the Due Process provision of the United States
Constitution. (3) We overrule the two issues presented and affirm the trial court's judgment of
conviction.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 22, 2000

Do Not Publish

1. Escobedo argues these points together and does not draw any distinction between them. In
his second issue, Escobedo asserts a due process challenge. See U.S. Const. amend. XIV. His
first issue does not specify under which constitution he asserts error but, based on the argument
in his brief, which raises no First Amendment or overbreadth concerns, we assume he is raising
a parallel due process ("due course of law") challenge under the Texas Constitution. See Tex.
Const. art. I, § 19. The due course of law provision of the Texas constitution has never been held
to provide any greater protection than that afforded by the Due Process Clause of the United
States Constitution. See Safari v. State, 961 S.W.2d 437, 441-42 (Tex. App.--Houston [1st Dist.]
1997, pet. ref'd untimely filed). Accordingly, we consider the two points together. 
2. The appellate record includes only an excerpt from the reporter's record.
3. We note that a recent appellate decision has declared the stalking statute constitutional. See
Clements v. State, No. 01-99-293-CR, slip op. at 13-18 (Tex. App.--Houston [1st Dist.] Feb. 24,
2000, no pet. h.).


z, 995 S.W.2d at 683; Long, 931 S.W.2d at 295
(citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95
(1982)).

 A statute is not rendered vague merely because words or terms are not specifically
defined. See Ahearn v. State, 588 S.W.2d 327, 338 (Tex. Crim. App. 1979). However,
"conduct" has a specific definition that applies throughout the Penal Code: "Conduct means an
act or omission and its accompanying mental state." Tex. Penal Code Ann. § 1.07(a)(10) (West
1994). "Offense" is defined by exclusion: "Conduct does not constitute an offense unless it is
defined as an offense by statute . . . ." Tex. Penal Code Ann. § 1.03(a) (West 1994). Conduct
that is punishable as a c