MEMORANDUM OPINION




No. 04-03-00446-CV



IN RE Steven SCHIEFELBEIN



Original Proceeding (1)



PER CURIAM


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: June 25, 2003


PETITION FOR WRIT OF HABEAS CORPUS DISMISSED 

 On June 11, 2003, Steven Schiefelbein filed a pro se "Petition for Writ of Habeas Corpus."
Schiefelbein has been confined since July 18, 2002. He generally alleges that he has been denied due
process of law because the trial court has failed to act in a timely manner on his motions. Schiefelbein
specifies that he filed a motion for speedy trial on or about October 20, 2002, arguing that trial should
have commenced on January 13, 2003. He also filed five motions to dismiss his court appointed
attorney. He states, however, that three of these motions were withdrawn on or about March 25,
2003. Scheifelbein also contends that he has been denied due process of law as a result of the trial
court's denial of a "Writ of Habeas Corpus for Delay." He states that every motion he has filed with
the trial court has been denied. Scheifelbein feels he cannot receive a fair trial. Schiefelbein requests
that we order that he be brought before the trial court and that he be released from custody.
Alternatively, he requests that a hearing be held to determine (1) whether he should be released from
custody; (2) whether his court appointed attorney should be dismissed and a new attorney appointed;
and (3) an "immediate . . . date to commence a second trial." There is no record in support of the
petition.

 The courts of appeals do not have original habeas corpus jurisdiction in criminal law matters.
Dodson v. State, 988 S.W.2d 833, 835 (Tex. App.--San Antonio 1999, no pet.); Ex parte Hawkins,
885 S.W.2d 586, 588 (Tex. App.--El Paso 1994, orig. proceeding); see Tex. Gov't Code Ann. §
22.221(d) (Vernon Supp. 2003) (providing that a court of appeals has original jurisdiction to issue
a writ of habeas corpus in cases where a person's liberty is restrained because the person violated an
order, judgment, or decree entered in a civil case). Our jurisdiction is appellate only. Dodson, 988
S.W.2d at 835. Because we do not have jurisdiction to grant the habeas corpus relief requested, we
dismiss the petition.

 Even if we were to construe Schiefelbein's pleading as a petition for writ of mandamus, we
would deny Schiefelbein relief. A party requesting mandamus relief has the burden to provide us with
a record sufficient to establish his right to extraordinary relief. Walker v. Packer, 827 S.W.2d 833,
840 (Tex. 1992); Ex parte Benavides, 801 S.W.2d 535, 537 (Tex. App. --Houston [1st Dist.] 1990,
writ dism'd w.o.j.). Schiefelbein has not provided a record demonstrating that the trial court has
knowledge of the motions he alleges were filed, nor is there anything before this court to show that
the trial court has refused to act. In fact, Scheifelbein states that the trial court has denied all of his
motions. Therefore, we do not have a situation where the relator has requested that the trial court
perform a ministerial act that he has refused to perform. See Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). Schiefelbein would not be entitled to the
relief sought. To the extent Schiefelbein's petition could be construed as a petition for writ of
mandamus, we would deny the petition. See Tex. R. App. P. 52.8(a). 

 PER CURIAM
1. This proceeding arises out of Cause No. 2002-CR-6490, styled The State of Texas v. Steven Schiefelbein,
pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Mark R. Luitjen presiding.