### Ex parte Ramon Rogelio GUTIERREZ, Jr.

No. 04-98-00659-CR.

Court of Appeals of Texas, San Antonio.

Dec. 16, 1998.

Jesse Y. Cavazos, San Antonio, for Appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before PAUL W. GREEN, Justice,
SARAH B. DUNCAN, Justice and KAREN ANGELINI, Justice.

## OPINION

PER CURIAM.

Ramon Gutierrez appealed the trial court's denial of his pretrial application for writ of habeas corpus, which raised the issue of limitations. The State moved to dismiss the appeal for lack of jurisdiction, arguing that limitations may not be raised by habeas corpus. Although we agree habeas corpus is not the proper procedural vehicle for raising limitations, we deny the State's motion to dismiss.

 Generally, an indictment may not be challenged in a pretrial application for writ of habeas corpus. *Ex parte Matthews*, 873 S.W.2d 40, 42 (Tex.Crim.App.1994). In *Ex parte Matthews*, the Court of Criminal Appeals recognized exceptions for applications challenging either the constitutionality of a statute or the applicability of limitations and tolling. *Id.* (collecting cases). According to the court, limitations could be raised by habeas corpus because the State was required to prove that its prosecution was not time-barred, regardless of whether the defense challenged limitations. *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex.Crim.App.1977).

 However, the Court of Criminal Appeals recently overruled its prior decisions about the nature of limitations. *Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App. 1998). Under *Proctor*, the Court classified limitations as a defense the defendant must assert by filing a motion to dismiss or by requesting a jury instruction.[1] *Id.* Thus, defendants may no longer challenge limitations by filing an application for writ of habeas corpus.

 Although Gutierrez's challenge to limitations is improper, we retain jurisdiction over his appeal. "Certain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Crim.App.1998). If we conclude the grounds on appeal are not cognizable, then we must affirm the trial court's denial of habeas corpus relief. *See, e.g., Ex parte Yates*, 966 S.W.2d 743, 744 (Tex.App.—San Antonio 1998, pet. ref'd) (affirming denial of habeas corpus relief where writ was improper procedural vehicle); *cf. City of El Paso v. Alvarez*, 931 S.W.2d 370, 378 (Tex.App.—El Paso 1996, orig. proceeding) (distinguishing trial court's jurisdiction from its authority to issue writ or grant relief).

Because we have jurisdiction over Gutierrez's appeal, we deny the State's motion to dismiss. In lieu of a brief, we will entertain a motion to summarily affirm the trial court's decision. *See* TEX.R.APP. P. 2.

---

1. The motion to dismiss may not be challenged in an interlocutory appeal. *State v. Lara*, 924 S.W.2d 198, 201 (Tex.App.—Corpus Christi 1996, no pet.).