Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JAVIER RODRIGUEZ,
)
 No. 08-02-00342-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 143rd District Court

)


THE STATE OF TEXAS,
)
 of Ward County, Texas

)


 Appellee.
)
 (TC# 01-04-4382-CRW (1))


O P I N I O N



 Javier Rodriguez appeals from his conviction for possession of more than fifty but less than
2,000 pounds of marihuana. A jury found Appellant guilty and assessed his punishment at
imprisonment for a term of twelve years and a fine of $5,000. The sole issue on appeal is whether
the information tolled the applicable statute of limitations. We affirm.

FACTUAL SUMMARY


 On March 24, 1998, Deputy Robert Martin stopped a GMC Suburban driven by Appellant
after observing him driving off of the shoulder of Interstate 20 before returning to the main portion
of the roadway. Approaching Appellant's Suburban, Martin noticed a distinct odor of marihuana
emanating from inside the vehicle and instructed Appellant to step outside of it. Appellant did not
have a driver's license. As Martin returned to the vehicle to determine whether anyone else was
inside, he saw in plain view several large bundles of what appeared to be marihuana. He opened the
back cargo doors and found fifteen large bundles of marihuana. Martin also noticed that one of the
bundles had split open and loose marihuana had spread throughout the vehicle, as Appellant had
been driving with the window down. Martin immediately arrested Appellant. Subsequent analysis
showed that Appellant had more than 408 pounds of marihuana inside of the Suburban. Appellant
filed an application for writ of habeas corpus to reduce his bond from $75,000, and on March 27,
1998, he was released on a $35,000 bond. (2) The State also filed a forfeiture proceeding pertaining
to the Suburban.

 The prosecutor and defense counsel, Robert V. Garcia, Jr., reached separate agreements
pertaining to the criminal case and the forfeiture case. (3) Both proceedings were set for hearing on
several occasions but were continued at the request of defense counsel due to scheduling conflicts. 
On November 6, 1998, the trial court entered an agreed final judgment forfeiting the Suburban. On
that same date, the State filed an information charging Appellant with possession of more than fifty
but less than 2,000 pounds of marihuana. (4) According to the prosecutor, he filed the information to
facilitate a guilty plea. That plea did not immediately occur and on November 30, 1998, Mr. Garcia
filed a motion for continuance of a hearing scheduled in the criminal case for December 4, 1998,
because Appellant was incarcerated in Ojinaga, Chihuahua, Mexico and awaiting trial.

 In early March 2001, a different attorney purporting to represent Appellant, Antonio
Rodriguez, contacted the district attorney and advised him that Appellant wanted to turn himself into
the authorities. Rodriguez discussed a possible plea agreement in exchange for Appellant's
voluntary surrender. The district attorney advised counsel that he could not make any deals until
Appellant surrendered but he told Rodriguez that the original plea offer would be considered and he
informed him of two dates in March when the guilty plea could take place. Once again, a guilty plea
did not occur and the State subsequently presented the case to a grand jury which returned a true bill
on April 26, 2001.

 On June 3, 2002, Appellant entered the United States from Mexico at the port of entry in
Presidio, Texas where he was arrested. The following day, Appellant filed in the trial court an
application for pretrial writ of habeas corpus, alleging that more than three years had elapsed
between the date of the commission of the offense and the indictment, and therefore, the prosecution
was barred by limitations. In its response to the writ application, the State alleged that: (1) 
limitations is a defense which may not be raised by an application for writ of habeas corpus; and (2) 
the time during which the accused is absent from the state is not computed in the period of
limitation. At about the same time, the State also filed a motion seeking leave of court to amend the
indictment to allege that Appellant had been absent from the State from November 30, 1998 until
June 3, 2002, and the State had filed an information charging Appellant with the same offense. (5) On
June 11, 2002, the trial court signed an order amending the indictment as requested by the State. On
that same date, the trial court entered an order that it would treat Appellant's application for writ of
habeas corpus as a motion to dismiss the indictment. On June 30, 2002, Appellant filed a motion
to quash the indictment because the charging instrument showed on its face that the statute of
limitations had expired. The trial court determined that it would hear both the motion to dismiss and
the motion to quash on July 21, 2002. At the hearing, Appellant objected to the trial court construing
the pre-trial writ of habeas corpus as a motion to dismiss the indictment; consequently, the court did
not consider it or rule upon it. The parties agreed to submit the issue raised in the motion to quash
based upon the motions, evidence, and briefs already on file. Additionally, the State offered a
certified copy of the information filed in cause number 98-11-04121-CRW. The trial court denied
Appellant's motion to quash.

 On July 8, 2002, Appellant filed a motion to dismiss alleging that the prosecution was barred
by limitations but he did not obtain a ruling on that motion prior to the beginning of trial on July 15,
2002. (6) At trial, the State offered evidence that an information charging Appellant with possession
of marihuana had been filed on November 6, 1998 and it had remained pending until the time of
trial. In its charge, the trial court provided an instruction pertaining to the statute of limitations and
informed the jury that the limitations period is tolled where a valid information has been filed
charging the defendant with the same offense. The court further instructed the jury that a valid
information had been filed against Appellant in another cause number and required the jury to
determine whether that information charged Appellant with the same offense as the indictment in
the instant case. If the jury so found, it was instructed to add the period of time that the information
was on file to the three-year period following the commission of the offense. The trial court did not
provide a jury instruction pertinent to the State's allegation that Appellant had been absent from the
state because the State had not offered any supporting evidence at trial. If the jury found that the
information did not charge the same offense, it was instructed to find Appellant not guilty. Given
the guilty verdict, the jury impliedly found that the information charged Appellant with the same
offense as the indictment.

STATUTE OF LIMITATIONS


 In his sole point of error, Appellant contends that the trial court erred in denying his motion
to dismiss and the application for pretrial writ of habeas corpus because the indictment reflects on
its face that the statute of limitations had expired prior to its presentment. He argues that the
information filed in cause number 98-11-4121-CRW is invalid as a matter of law because it is not
supported by an affidavit, and therefore, it would not serve to toll the statute of limitations.

Application for Writ of Habeas Corpus


 Appellant seeks to appeal what he characterizes as the trial court's denial of the relief
requested in his application for writ of habeas corpus. Prior to 1998, a defendant could raise
limitations by habeas corpus because the State was required to prove that its prosecution was not
time-barred, regardless of whether the defense challenged limitations. See Ex parte Dickerson, 549
S.W.2d 202, 203 (Tex.Crim.App. 1977). However, in Proctor v. State, 967 S.W.2d 840, 844
(Tex.Crim.App. 1998), the Court of Criminal Appeals held that limitations is a defense which the
defendant must assert by filing a motion to dismiss or by requesting a jury instruction. Thus, a
defendant can no longer challenge limitations by filing an application for writ of habeas corpus. Ex
parte Gutierrez, 989 S.W.2d 55, 56 (Tex.App.--San Antonio 1998, no pet.). The trial judge,
ostensibly aware of Proctor and Gutierrez, informed Appellant that he would consider the
application for writ of habeas corpus as a motion to dismiss. Appellant, however, rejected the trial
court's offer, and the court, in turn, refused to rule on the writ application. An applicant cannot
appeal from a trial court's refusal to issue or grant a writ of habeas corpus, but may only appeal the
denial of relief on the merits of the application. Ex parte Hargett, 819 S.W.2d 866, 867-68
(Tex.Crim.App. 1991). Therefore, we will not address this aspect of Appellant's argument.

Motion to Dismiss/Quash the Indictment


 Appellant also challenges the trial court's denial of his motion to dismiss. The trial court
expressly did not rule on Appellant's motion to dismiss. Therefore, he has not preserved error with
respect to that motion. See Tex.R.App.P. 33.1(a)(2)(A)(requiring adverse ruling in order to preserve
error). However, we will construe Appellant's point of error as challenging the trial court's ruling
on his motion to quash the indictment.

 Both the State and Appellant agree that the three-year statute of limitations set forth in Article
12.01(6) applies in this case. See Tex.Code Crim.Proc.Ann. art. 12.01(6)(Vernon Supp. 2003). 
In the amended indictment and at trial, the State relied on the tolling provision found in Article
12.05(b) and (c):

 (b) The time during the pendency of an indictment, information, or complaint shall
not be computed in the period of limitation.


 (c) The term 'during the pendency,' as used herein, means that period of time
beginning with the day the indictment, information, or complaint is filed in a court
of competent jurisdiction, and ending with the day such accusation is, by an order of
a trial court having jurisdiction thereof, determined to be invalid for any reason.


Tex.Code Crim.Proc.Ann. art. 12.05 (Vernon 1977).

 An information is a written statement filed and presented in behalf of the State by the district
or county attorney, charging the defendant with an offense which may by law be so prosecuted. 
Tex.Code Crim.Proc.Ann. art. 21.20 (Vernon 1989). The requisites of an information are set forth
in Article 21.21. Tex.Code Crim.Proc.Ann. art. 21.21. Additionally, an information must be
based upon a complaint and that complaint should be filed with the information. See Tex.Code
Crim.Proc.Ann. art. 21.22. (7) Appellant asserts that the information filed in cause number 98-11-4121-CRW is invalid as a matter of law because the supporting complaint was not filed with it as
required by Article 21.22, and therefore, it does not serve to extend the limitations period.

 On March 24, 1998, Deputy Martin filed a complaint in the Justice of the Peace Court,
Precinct 2, of Ward County, Texas, charging Appellant with possession of more than fifty but less
than 2,000 pounds of marihuana. Although the J.P. court has authority to take a complaint and issue
an arrest warrant, the complaint filed in the J.P. court does not toll the statute of limitations because
that court that does not have felony jurisdiction. See Ex parte Ward, 560 S.W.2d 660, 662
(Tex.Crim.App. 1978). When the State later filed an information in the district court in cause
number 98-11-4121-CRW, it did not file with it the supporting affidavit of Deputy Martin.

 Appellant's argument assumes that the alleged invalidity of the information somehow relates
back to its filing date so that it does not toll the statute of limitations at all. To the contrary, even a
defective charging instrument will, according to the terms of Article 12.05, serve to toll the statute
of limitations until a court with jurisdiction enters an order invalidating that charging instrument. 
Consistent with Article 1.14(b), Article 12.05 properly places the burden on the defendant to object
and obtain a ruling that the charging instrument is invalid. See Tex.Code Crim.Proc.Ann. art.
1.14(b)(Vernon Supp. 2003). Only upon the issuance of an order declaring the charging instrument
invalid does the charging instrument cease to toll the statute of limitations, and even then, the statute
of limitations is still tolled from the filing date of the charging instrument through the date of entry
of the order invalidating the charging instrument. Appellant did not raise any complaint about the
information until long after the indictment had been returned against him. Therefore, even assuming
that Appellant is correct that the information was invalid, the information still would have tolled the
statute of limitations from November 6, 1998 until after the indictment was presented on April 26,
2001. Consequently, the trial court did not err in denying Appellant's motion to quash. Appellant's
sole point of error is overruled and the judgment of the trial court is affirmed.



July 31, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)

1. The trial court's judgment erroneously shows the trial court cause number to be 01-04-4382-CRR. The
correct cause number is 01-04-4382-CRW.
2. On April 30, 1999, the trial court signed a judgment nisi because Appellant had failed to appear. Appellant
also did not appear for the bond forfeiture trial on July 27, 2001. On August 31, 2001, the trial court entered an agreed
final judgment between the State and the surety. 
3. Plea papers prepared in anticipation of Appellant's guilty plea on October 23, 1998 reflected that the parties
had agreed to a fine of $2,500 and deferred adjudication probation for a term of ten years. 
4. The information was filed in the 143rd District Court in cause number 98-11-04121-CRW, styled The State
of Texas v. Javier Rodriguez.
5. The State sought to amend the indictment by adding the following paragraphs:


 And it is further presented in and to said court that during a period from November 30, 1998, until
June 3, 2002, the defendant was absent from the state of Texas;


 And it is further presented in and to said court that during a period from November 6, 1998, until June
6, 2002, an information charging the above offense was pending in a court of competent jurisdiction,
to-wit: cause #98-11-4121-CRW in the 143rd Judicial District Court of Ward County, Texas, styled
the State of Texas vs. JAVIER RODRIGUEZ. 
6. Appellant also filed the motion to dismiss in cause number 98-11-4121-CRW but the trial court transferred
it and other documents into cause number 01-04-4382-CRW on the day of trial. The court refused to rule on the motion
to dismiss or other motions because Appellant had previously refused the trial court's offer to treat the habeas corpus
application as a motion to dismiss and because Appellant's July 8 motion to dismiss had not been filed during the time
for filing pre-trial motions. 
7. Article 21.22 provides: "No information shall be presented until affidavit has been made by some credible
person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to
before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made
before any officer authorized by law to administer oaths."