

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00260-CR

**EX PARTE** Jorge Favian **DOMINGUEZ ORTIZ**

From the County Court, Kinney County, Texas
Trial Court No. 10364CR
Honorable Roland Andrade, Judge Presiding

### OPINION ON MOTION FOR REHEARING

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting en banc:   Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 1, 2023

AFFIRMED

Jorge Favian Dominguez Ortiz appeals from the denial of his pretrial writ of habeas corpus, seeking dismissal of charges. In an opinion issued on December 7, 2022, we affirmed. Thereafter, appellant timely filed a motion for rehearing, requesting that we reconsider and clarify our decision. We deny appellant's motion; however, we withdraw our opinion and judgment issued on December 7, 2022, and substitute this opinion and judgment in its place to clarify our decision.

BACKGROUND

This appeal relates to Operation Lone Star ("OLS"), which comprises several state initiatives related to border security. Appellant is a noncitizen who was arrested in Kinney County, on August 28, 2021, for trespassing on private property. On September 27, 2021, he was charged with criminal trespass, and on October 1, 2021, he was released on a personal bond in the amount of $1,500. *See* TEX. PENAL CODE ANN. § 30.05. On April 14, 2022, the trial court issued a notice of setting for a pretrial hearing on April 29, 2022, and for a jury trial on May 9, 2022. The notice states: "Failure to appear may result in Bond Forfeiture and a Warrant of Arrest."

Appellant filed an application for a writ of habeas corpus, arguing for dismissal of charges for purported violations of his Fifth Amendment due process protections and his Sixth Amendment right to the assistance of counsel. *See* U.S. CONST. amends. V, VI.[1] He asserts: "[T]he State takes an active role in facilitating OLS defendant[s]' expulsion[s] or deportation[s] from the United States," and he argues:

> [B]ecause [appellant] has been removed from the United States, he is unable to prepare or return to his May 9, 2022 in-person jury trial without federal authorization, implicating his underlying rights under the Fifth Amendment right to Due Process and Sixth Amendment right to access counsel. [Appellant]'s underlying rights would not just be effectively undermined, but would be wholly violated to proceed with his May 9, 2022 jury trial without his presence.

On April 29, 2022, the trial court held a hearing on appellant's application. Appellant appeared by Zoom videoconference and, after being sworn in, testified that he was located in Cardenas, Mexico. The trial court admitted a document from the Val Verde Temporary Processing

---

[1] Appellant also asserted claims under article I, sections 10 and 19 and article V, section 1 of the Texas Constitution; however, he did not separately argue his state and federal constitutional claims or argue that the Texas Constitution provides different or broader protections than the United States Constitution. Therefore, we address appellant's claims solely on federal constitutional grounds. *See Bohannan v. State*, 546 S.W.3d 166, 179 n.7 (Tex. Crim. App. 2017); *Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999).

Center, which indicates that appellant was released to United States Immigration and Customs Enforcement on October 2, 2021.

The trial court denied habeas relief, and appellant appealed. We stayed the trial setting pending resolution of this appeal.

## STANDARD OF REVIEW

Pretrial habeas corpus proceedings are separate criminal actions from criminal prosecutions. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005) (orig. proceeding). When a trial court denies habeas relief, the applicant has the right to appeal. *Id.* However, "[c]ertain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (per curiam). "If we conclude the grounds on appeal are not cognizable, then we must affirm the trial court's denial of habeas corpus relief." *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.—San Antonio 1998, no pet.) (per curiam).

## DISCUSSION

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) ("A defendant may use a pretrial writ of habeas corpus only in very limited circumstances."). Whether a claim is even cognizable on pretrial habeas is a threshold issue that we must address first. *See Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021) (per curiam) (vacating court of appeals's judgment reaching merits and remanding for court to address cognizability) (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)).

The Texas Court of Criminal Appeals's case law in the area of cognizability has received "fair criticism" that it has been "'somewhat difficult to extract from the case law any general principles indicating what issues are properly raised pretrial by means of the writ.'" *Ex parte*

*Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016) (Alcala, J., concurring) (quoting George E. Dix & John M. Schmolesky, 43 TEX. CRIM. PRAC. & PROC. § 35.16 (3d ed. 2011)). Nevertheless, from the Court of Criminal Appeals's case law we can determine (1) appellant's claims do not fit into any categories for which the Court of Criminal Appeals has allowed a challenge by a pretrial writ of habeas corpus, (2) appellant's claims do not satisfy the factors previously recognized for exceptions to the general rule that as-applied challenges are not cognizable, and (3) appellant's claims are more similar to claims held to be *not* cognizable than to those held to be cognizable.

A. Unlawful Restraint

Before reviewing appellant's specific claims, we resolve the parties' initial dispute as to whether he is restrained. The Code of Criminal Procedure provides: "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. ANN. art. 11.01. The State argues appellant is not "restrained" within the meaning of the Code because he is not in physical custody within the United States.

We disagree with the State that physical custody or presence within the United States is dispositive. Instead, we hold appellant is "restrained" because he is subject to the trial court's threats of bond forfeiture and a warrant for his arrest if he does not appear for trial as directed. The Code of Criminal Procedure clarifies: "By 'restraint' is meant the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." *Id.* art. 11.22. "The word[] 'confine[]' . . . refer[s] not only to the actual, corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." *Id.* art 11.21.

Here, the trial court's threats of bond forfeiture and the issuance of a warrant if appellant does not appear in person for trial are coercive measures whereby the trial court exercises control

over appellant. *See id.* arts. 11.21, 11.22; *Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) ("A person who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01."); *see also Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (observing pretrial habeas applicant "was restrained of his liberty . . . when he was charged with [an offense] and released on bond to await trial"); *see also Perry*, 483 S.W.3d at 918 (dismissing indictment without considering restraint after concluding charges against defendant were constitutionally barred); Dix & Schmolesky, 43 TEX. CRIM. PRAC. & PROC. § 35:4 ("In the pretrial context, the existence of pending charges is generally sufficient to show restraint.").

B.  Cognizability of Appellant's Claims: Category-of-the-Claim Approach

Although restrained, appellant may not challenge his restraint through a pretrial writ of habeas corpus unless his challenge is cognizable. *See Ex parte Hammons*, 631 S.W.3d at 716. The question we must resolve "is whether [appellant] is permitted to bring his claim[s] through a pretrial writ application." *Ex parte Weise*, 55 S.W.3d at 619.

The Court of Criminal Appeals has permitted pretrial writs for claims to assert constitutional protections with respect to double jeopardy and bail, for limitations as a bar to prosecution if established by the face of an indictment that would not be subject to repair, for facial constitutional challenges to the validity of a statute, and for an as-applied separation of powers claim that alleged the infringement of a government official's own power as a government official. *See Ex parte Edwards*, No. PD-1092-20, 2022 WL 1421507, at *3 (Tex. Crim. App. May 4, 2022); *Perry*, 483 S.W.3d at 895, 898 (plurality op.); *Ex parte Smith*, 178 S.W.3d 797, 801–02 (Tex. Crim. App. 2005); *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).  On the other hand, the Court of Criminal Appeals has not permitted pretrial writs for claims involving a right to speedy trial, for collateral estoppel claims that do not allege double jeopardy violations, for challenges to a denial of a motion to suppress, for limitations as a bar to prosecution if the

indictment is subject to repair, and for "anti-defensive issues" that do not become applicable until raised by trial evidence. *See Edwards*, 2022 WL 1421507, at \*1; *Ex parte Ingram*, 533 S.W.3d 887, 892–94 (Tex. Crim. App. 2017); *Perry*, 483 S.W.3d at 895 (plurality op.); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Weise*, 55 S.W.3d at 620.

These lists are not exhaustive; however, we have found no case from the Court of Criminal Appeals or our sister courts that has allowed cognizability in a pretrial writ for claims under the Fifth and Sixth Amendments, and appellant has directed us to none. Instead, our sister courts have rejected cognizability for Fifth Amendment due process claims. The Second Court of Appeals remarked: "Due process claims are not generally cognizable for pretrial habeas relief." *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.) (citing *In re Shaw*, 204 S.W.3d 9, 16 (Tex. App.—Texarkana 2006, pet. ref'd)). The Third Court of Appeals summarily rejected cognizability for a claim that prosecution would be "fundamentally unfair under the facts and circumstances" presented. *Ex parte Gonzales*, 667 S.W.2d 932, 935 (Tex. App.—Austin 1984, pet. ref'd). Much like that case, appellant, here, broadly asserts a due process deprivation of "fundamental fairness."

As to the Sixth Amendment, the Court of Criminal Appeals has narrowed the circumstances under which a Sixth Amendment claim may be cognizable by finding at least one type of Sixth Amendment claim not cognizable. Appellant's Sixth Amendment claim concerns deprivation of his right to counsel. The Court of Criminal Appeals has not discussed cognizability for claims asserting this protection; however, the court has expressly precluded cognizability for claims asserting the Sixth Amendment right to a speedy trial. *See Weise*, 55 S.W.3d at 619–20 (citing *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970)).

In short, precedent does not specifically preclude or establish whether appellant's Fifth Amendment due process claim and Sixth Amendment right to counsel claim are cognizable by a pretrial writ of habeas corpus. Therefore, we consider broader factors.

C. Cognizability of Appellant's Claims: Consideration of Factors

The Court of Criminal Appeals has "considered a variety of factors" in determining whether an issue is cognizable on pretrial habeas. *Weise*, 55 S.W.3d at 619. The court has stated that "pretrial habeas cannot be used to advance an as-applied constitutional challenge to a statute." *Perry*, 483 S.W.3d at 895 (plurality op.) (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)). It also has said that "pretrial habeas is unavailable 'when the resolution of a claim may be aided by the development of a record at trial.'" *Perry*, 483 S.W.3d at 895 (plurality op.) (quoting *Ex parte Doster*, 303 S.W.3d at 724); *accord Ingram*, 533 S.W.3d at 892. Nevertheless, it has allowed some as-applied claims in a pretrial writ because the rights underlying those claims would be "effectively undermined if not vindicated pretrial." *Perry*, 483 S.W.3d at 895 (plurality op.) (noting constitutional protections involving double jeopardy and bail). Factors informing whether a pretrial writ is available include: "whether the alleged defect would bring into question the trial court's power to proceed"; whether the resolution of the claim in the applicant's favor would result in his "immediate release"; whether protections "would be effectively undermined if these issues were not cognizable," as with double jeopardy and bail; and whether the issue is "better addressed by a post-conviction appeal," as with the right to a speedy trial. *Weise*, 55 S.W.3d at 619–20; *see also Perry*, 483 S.W.3d at 920–21 (Alcala, J., concurring) (discussing "*Weise* factors"). Additionally, the court has instructed: "Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Weise*, 55 S.W.3d at 620.

We begin our analysis with the admonition that "pretrial habeas is generally unavailable 'when the resolution of a claim may be aided by the development of a record at trial.'" *Ingram*, 533 S.W.3d at 892 (citing *Weise*, 55 S.W.3d at 620). Here, appellant's as-applied challenges "may be aided" by development of a record because there are several important facts in dispute or undeveloped. First, the State's role in appellant's removal from the country is disputed. Appellant's habeas petition asserts: "[T]he State takes an active role in facilitating OLS defendant[s'] expulsion[s] or deportation[s] from the United States." The State disputes whether appellant was expelled or deported. It filed a "Motion for Involuntary Dismissal of the Instant Appeal Based on the False Impression Created by Appellant's Pleadings and Arguments." Attached to the State's motion are documents purporting to show that appellant "voluntarily returned" to Mexico and that a "voluntary return" does not have the same, harsh consequences as an "order of deportation." Appellant responds that the State's argument distinguishing "voluntary return" from "deportation" "reduces to a quibble over the words." Regardless of who is correct, the dispute itself highlights the need for record development.[2]

The distinction between "voluntary return" and "deportation" may impact another factual dispute: whether the State and/or appellant can obtain appellant's parole into this country for purposes of trial preparation and trial. A "self-help guide" attached to the State's motion asserts that a "deportation" may prevent the removed individual from "coming to the U.S. for up to ten years or make [that individual] ineligible for certain immigration benefits." In contrast, according

---

[2] We reference the State's attachments to its motion only to highlight factual disputes, and we do not take judicial notice of any adjudicative fact. *Cf. Watkins v. State*, 245 S.W.3d 444, 456 (Tex. Crim. App. 2008) ("Judicial notice on appeal should be taken, if at all, where necessary to avoid an unjust judgment.") (citation omitted). We deny the State's motion to dismiss because, to grant it, we would have to resolve disputed facts and because the State has not directed us to any rule of appellate procedure or other authority that would permit us to dispose of this appeal through a motion to dismiss on the ground asserted.

to the guide, with "Voluntary Departure, [an individual] may be able to return to the U.S. much sooner."

Putting aside the distinction between "voluntary return" and "deportation," there also is a factual dispute about the role the State played in facilitating appellant's return to Mexico. Appellant seeks to supplement the record with 17 attachments to support his assertion that the State played an active role and made a "policy choice to have OLS defendants removed prior to completing its prosecutions." These documents largely concern the nature of OLS initiatives, their funding, and Kinney County's procedures with respect to OLS defendants.[3]

The documents also highlight a shift in appellant's Sixth Amendment argument. Fourteen of the seventeen documents are attached to his reply brief. Appellant's reply brief recognizes the State's concession, made for the first time in its appellate brief, that there will not be a trial *in absentia*. Appellant responds that, nevertheless, prosecution remains unconstitutional because the State violates appellant's Sixth Amendment right to a speedy trial by indefinite trial delay. The reply brief then addresses the factors informing a speedy-trial analysis and references the attached documents in its analysis. *See Barker v. Wingo*, 407 U.S. 514, 530 (identifying factors for balancing test used to determine speedy-trial claim).

Appellant's pivot to a speedy-trial analysis highlights the aid of further record development in resolving appellant's Sixth Amendment claim, which cuts against allowing cognizability on a pretrial writ. *See Ingram*, 533 S.W.3d at 892; *see also Weise*, 55 S.W.3d at 620 ("[A]n applicant may not use a pretrial writ to assert his or her constitutional right to a speedy trial[.]").[4] "At least

---

[3] We do not take judicial notice of adjudicative facts within appellant's attachments but reference the attachments only to highlight factual disputes.

[4] To be clear, appellant did not raise a speedy-trial claim in his habeas petition, and he does not assert that he has. On rehearing, appellant and amicus argue the core of appellant's complaint is the inability to actually have a trial. Appellant did not identify a right-to-trial claim in his habeas petition. As a result, we do not address that claim in this opinion.

two of the *Barker* factors (the reason for delay and the prejudice to the accused) are fact-specific inquiries and may not be readily apparent from the trial record." *Henson v. State*, 407 S.W.3d 764, 769 (Tex. Crim. App. 2013); *see also Newcomb v. State*, 547 S.W.2d 37, 38 (Tex. Crim. App. 1977) ("If we were to consider this issue [of violation of a defendant's right to a speedy trial], which by nature of the applicable balancing test requires a full development of the facts, on our own motion, it would be necessary to abate the case for a full hearing on the matter.").[5] Suffice it to say, appellant's pivot to a speedy-trial analysis underscores the need for additional factual development.

Appellant's claims are as-applied challenges with unresolved factual matters. While the Court of Criminal Appeals has allowed exceptions for as-applied claims to be asserted in pretrial habeas writs, factors to consider before doing so include (1) whether the resolution of the claim in the applicant's favor would result in "immediate release," and (2) whether "the constitutional right at issue includes a right to avoid trial." *Ingram*, 533 S.W.3d at 892; *Weise*, 55 S.W.3d at 619–20. Whether these factors favor cognizability in this case may itself require additional factual development. Appellant's deprivation of counsel claim relies on precedent holding that deportation of a defendant prior to trial violates the Sixth Amendment right to counsel because deportation "presents a clear challenge . . . to [a defendant's] ability to consult with counsel, to review the evidence against him[,] and to prepare a defense to the charge." *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1138 (M.D. Fla. 2015). However, in several of the cases that appellant cites, the communication breakdown between counsel and defendant after removal from the United States is specifically noted. *See, e.g.*, *United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 920 (D. Ariz. 2020) ("[D]efense counsel represents that he has made repeated efforts

---

[5] In his reply brief, appellant places his assertion of deprivation of counsel within the speedy-trial factor of prejudice to the defendant. *See Barker*, 407 U.S. at 530.

to establish contact since [Defendant's] removal, all without success." (internal quotation marks omitted)); *United States v. Escobar-Mariscal*, No. CR-19-02777-001-TUC-RM (DTF), 2020 WL 4284406, at *2 (D. Ariz. Jul. 27, 2020) ("Defense counsel's representation to [the magistrate judge] that she was unable to contact her client following his removal is sufficient to support a finding that Defendant's removal has interfered with his attorney-client relationship and violated his Sixth Amendment right to counsel."). However, at least one court considering a post-removal Sixth Amendment claim rejected the claim where defense counsel alleged that "Defendant was stranded without any possessions, d[id] not have access to a telephone, and d[id] not have his attorney's contact information." *See United States v. Perez-Canez*, No. CR-18-00229-PHX-JJT, 2020 WL 1000029, at *3 (D. Ariz. Mar. 2, 2020). For that court, these "bare allegations" did not establish a claim for deprivation of counsel. *Id.*; *see also United States v. Castillo*, 537 F. Supp. 3d 120, 129 n.5 (D. Mass. 2021) ("[C]ases from the District of Arizona . . . have held that a defendant's removal from Arizona to Mexico does not necessarily jeopardize the district court's ability to try the defendant where it is feasible to parole a defendant from Mexico into Arizona for purposes of trial."). Again, suffice it to say, appellant's claims may require further factual development before their resolution.

Along similar lines, factual development may be needed to determine appropriate relief if appellant prevails on his claims, and appropriate relief may fall short of dismissal of charges. Anything short of dismissal would weigh against cognizability because resolution of the claims would not result in appellant's "immediate release" or "a right to avoid trial." *Ingram*, 533 S.W.3d at 892; *Weise*, 55 S.W.3d at 619–20. In *United States v. Morrison*, the Supreme Court counseled that a court must fashion a remedy "tailored to the injury suffered" for any violation of the Sixth Amendment right to counsel. *United States v. Morrison*, 449 U.S. 361, 364–65 (1981). Surveying its precedent, the Court remarked: "Our approach has . . . been to identify and then neutralize the

- 11 -

taint [of deprivation of counsel] by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." *Id.* at 365 (assuming Sixth Amendment violation but holding dismissal of indictment was error). Thus, even as to remedy, further record development may be necessary, and a tailored remedy may show habeas relief to be improper.[6]

Record development with a pretrial writ, nevertheless, may be appropriate when "the particular constitutional right at issue . . . is the type that would be effectively undermined if not vindicated prior to trial." *Perry*, 483 S.W.3d at 896 (plurality op.). This category includes constitutional protections involving double jeopardy and bail. *Ingram*, 533 S.W.3d at 892; *Ex parte Smith*, 178 S.W.3d 797, 801–02 (Tex. Crim. App. 2005). As to double jeopardy, a "defendant would lose an aspect of the Double Jeopardy Clause's protection by being forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Perry*, 483 S.W.3d at 896 (plurality op.). A challenge to pretrial bail would become moot after trial. *See, e.g.*, *Ex parte Peyton*, No. PD-0677-16, 2017 WL 1089960, at *1 (Tex. Crim. App. Mar. 22, 2017) (per curiam) (not designated for publication). In both cases, the constitutional protections involved are "effectively undermined if not vindicated prior to trial." *Perry*, 483 S.W.3d at 896 (plurality op.). *In Ex parte Perry*, a plurality of the Court of Criminal Appeals held that a separation of powers claim that alleged the infringement of a government official's own power as a government official was a type of claim that would be effectively undermined if not vindicated prior to trial because "the mere prosecution of the public official is an undue infringement on his power." *Perry*, 483

---

[6] The Court of Criminal Appeals has only recognized one exception — in the double jeopardy context — to the rule that a writ of habeas corpus is only available when resolution in favor of an applicant would result in "immediate release." *See Ingram*, 533 S.W.3d at 892 ("Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release."); *Ex parte Watkins*, 73 S.W.3d 264, 274–75 (Tex. Crim. App. 2002).

S.W.3d at 898 (plurality op.); *see also id.* at 918 (Alcala, J., concurring); *id.* at 924 (Newell, J., concurring) (asserting "[n]o factual development was necessary"; therefore, "simply addressing the constitutional claim because the violation is apparent from the pleadings resolves the matter").

Appellant's Sixth Amendment claim, however, is not like these exceptions because it is not a type that is "effectively undermined if not vindicated prior to trial." *Perry*, 483 S.W.3d at 896 (plurality op.). Appellant has a right to assistance of counsel "at every stage of the proceedings against him," including prior to trial. *Maine v. Moulton*, 474 U.S. 159, 169 (1985). "To deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself." *Id.* at 170. However, the right to counsel does not encompass a right to avoid trial, as with the protections of double jeopardy. To the contrary, the Constitution guarantees a defendant a right to "a fair trial and a competent attorney." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). And although the right to counsel attaches earlier than trial, it "attaches at earlier, 'critical' stages in the criminal justice process 'where the results might well settle the accused's fate and reduce the trial itself to a mere formality.'" *Moulton*, 474 U.S. at 170 (quoting *United States v. Wade*, 388 U.S. 218, 224 (1967)). Thus, because the purpose of the right to counsel is to ensure a fair trial, "mere prosecution" does not infringe upon the right, as with a separation of powers claim. *Cf. Perry*, 483 S.W.3d at 898 (plurality op.). And because the right encompasses more than a pretrial right, as with bail protections, the right to counsel can be vindicated after trial. *See, e.g.*, *Moulton*, 474 U.S. at 167, 180 (affirming Supreme Judicial Court of Maine's reversal of conviction for Sixth Amendment right to counsel violation); *Brewer v. Williams*, 430 U.S. 387, 394–95, 406 (1977); *Massiah v. United States*, 377 U.S. 201, 207 (1964). In this way, the Sixth Amendment right to counsel is like the Sixth Amendment right to a speedy trial, in that it can be vindicated after trial, which counsels against recognizing the claim in a pretrial writ. *See Doggett v. United*

*States*, 505 U.S. 647, 658 (1992) (reversing conviction on speedy-trial grounds); *Doster*, 303 S.W.3d at 724; *Weise*, 55 S.W.3d at 620.

A complicating factor in the instant case is the atypical circumstance that prosecution may be indefinitely delayed. If vindication of appellant's pretrial right to counsel must come only after a trial, arguably, appellant's right to counsel will be effectively undermined if not vindicated pretrial. However, the prejudice that the Sixth Amendment right to counsel is meant to prevent — an unfair trial — is never realized if trial never commences. *See Moulton*, 474 U.S. at 170; *see also Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney."); *Morrison*, 449 U.S. at 365. If trial never commences, appellant will never suffer from an ill-prepared defense owing to pretrial deprivation of counsel.

Certainly, we are not suggesting that an indefinitely delayed trial is harmless. We only hold that a Sixth Amendment claim for constructive deprivation of counsel under the circumstances presented here is not cognizable in a pretrial writ of habeas corpus. We also do not suggest the indefinite trial delay is immune from pretrial appellate review. In addition to the right to counsel, the Sixth Amendment provides a right to a speedy trial. *See* U.S. CONST. amend. VI; *Barker*, 407 U.S. at 515. Although a speedy-trial claim is not typically a matter for pretrial appellate-court review, the Court of Criminal Appeals has suggested that mandamus relief may be appropriate if a "trial court rules against the defendant [on a motion to dismiss for failure to provide a speedy trial] and the defendant's entitlement to relief is indisputable, as a matter of fact and law." *See Doster*, 303 S.W.3d at 723 (discussing relief under the Interstate Agreement on Detainers); *In re Dacus*, 337 S.W.3d 501, 509–10 (Tex. App.—Fort Worth 2011, no pet.) (conditionally granting mandamus relief for violation of the Interstate Agreement on Detainers); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–90 (1973) (reversing dismissal of writ of habeas corpus filed in federal court, which demanded State bring defendant promptly to trial); *Smith v.*

*Hooey*, 393 U.S. 374, 382–83 (1969) (setting aside order of Texas Supreme Court denying mandamus relief to defendant who sought an order to show cause why pending charges should not be dismissed for want of prosecution).

Appellant largely argues his Fifth Amendment claim together with his Sixth Amendment claim. By both claims he asserts broadly that the rights at issue in this habeas appeal are the rights "to prepare for and be present at one's own trial." To the extent appellant's Fifth Amendment claim concerns a right to prepare for trial, our reasoning above applies. A Fifth Amendment claim regarding hindrance to trial preparation is not a type of claim that is "effectively undermined if not vindicated prior to trial" because the right to prepare for trial does not encompass a right to avoid trial. *Perry*, 483 S.W.3d at 896 (plurality op.). To the extent appellant's Fifth Amendment claim concerns a right to be present at trial, this claim is premature because the conditions that could make appellant's restraint unlawful would occur only if trial commences in his absence. *See In re Allen*, 366 S.W.3d 696, 701 (Tex. 2012) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberty from unlawful or unconstitutional restraint."); *Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *7 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication) ("To be entitled to habeas relief, the applicant must show that the restraint is unlawful at the time the restraint is challenged; it is not enough to show that the restraint may eventually, at some point in the future, become unlawful."). Moreover, the State has conceded that trial *in absentia* will not occur.[7]

---

[7] In his reply brief, appellant argues the State unfairly penalizes him by its failure to complete its prosecution prior to his removal, in violation of the Fifth Amendment. However, on the record before us, the punishments asserted — a warrant of arrest, new charges, and bond forfeiture — have not been imposed. Thus, if restraint could be unlawful based on punishments assessed in violation of Fifth Amendment due process, here, a pretrial writ is premature where punishment is only speculative. *See In re Allen*, 366 S.W.3d at 701; *Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006) (concluding appellant's *in pari materia* claim was not cognizable in pretrial writ because the claim was "not yet ripe for review"); *Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *7. We also note that appellant has not challenged the conditions of his bail through a writ of habeas corpus. *See Smith*, 178 S.W.3d at 801 (explaining a pretrial habeas applicant may challenge the manner of his pretrial restraint, such as challenging

Last, judicial economy considerations do not alter our cognizability determination. *Cf. Perry*, 483 S.W.3d at 898 n.79 (plurality op.) ("[A]n appellate court ought to first consider whether the right at stake provides a basis for cognizability and only secondarily address whether judicial economy favors pretrial review."); *Doster*, 303 S.W.3d at 725 (noting Court of Criminal Appeals has never resolved whether judicial economy rationale, absent a jurisdictional or constitutional defect, would be sufficient to make claim cognizable on pretrial habeas). The aid of further factual development to resolving appellant's claims suggests judicial economy will benefit our refusal to consider appellant's claims on pretrial habeas. *Cf. Perry*, 483 S.W.3d at 898 n.79 ("[P]retrial habeas enhances judicial economy only if the habeas applicant wins; it actually hinders judicial economy if the habeas applicant loses.").

## CONCLUSION

We hold that on this record, appellant's claims are not cognizable by pretrial writ of habeas corpus, and we affirm the trial court's order denying habeas relief. *Cf. Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980) (holding, on second application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.59, trial court did not abuse its discretion by holding a second hearing).

Rebeca C. Martinez, Chief Justice

PUBLISH

---

conditions attached to bail). Appellant's specific arguments in his reply brief regarding punishment are made for the first time in that brief, and the State moved to strike the brief for raising issues and arguments for the first time in a reply brief. *See Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019) (explaining appellant can waive an issue by raising it for the first time in a reply brief). We deny the State's motion to strike because "courts of appeals can consider arguments and authorities in a reply brief that are related to the arguments in the original brief." *Chambers*, 580 S.W.3d at 161. Appellant's punishment arguments relate to his Fifth Amendment due process arguments made in his opening brief. *See id.* (considering arguments in reply brief and noting defendant did not raise "a completely independent issue" or "a completely different sufficiency challenge" for the first time in reply brief).