**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00317-CR**
_____


**EX PARTE GLENN ALAN SHEPHERD**

_____

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. 23DC-CR-00485**
_____

**MEMORANDUM OPINION**

Appellant Glenn Alan Shepherd appeals from the denial of his pretrial writ of habeas corpus, seeking dismissal of charges. Shepherd filed a pretrial application for writ of habeas corpus challenging the filing of the complaint and information. He contends that his due process rights under the Fourteenth Amendment were violated because the District Attorney assigned his case to a specific court rather than a randomly-assigned court. After a hearing on the application, the trial court denied Shepherd's application. We affirm the trial court's order.

Background

1

On April 19, 2023, the State filed in the 253rd District Court a complaint, alleging that "on or about the 10th day of March, 2023," Shepherd "did then and there knowingly possess, with intent to deliver, a controlled substance, namely, methamphetamine, in an amount of four grams or more but less than 200 grams, including adulterants and dilutants[.]" The 253rd District Court was preprinted in the complaint. The State filed in the 253rd District Court an information with the same information as the complaint on the same day. Both documents were file stamped by the Clerk of the District Court of Liberty County.

On June 5, Shepherd filed an Application for Writ of Habeas Corpus and Objection to Filing of Case Directly into Specific Court and Motion to Dismiss for Violation of Due Process by Forum Shopping. In the Application, Shepherd asserted that his attorney requested the local rules of administration for Liberty County in accordance with Texas Government Code sections 24.024 and 74.093. He also asserted that there are no local rules for the two district courts in Liberty County as shown on the Texas Office of Court Administration website. Shepherd alleged that the case was initiated by the Liberty County District Attorney by filing the felony complaint and information with the Liberty County District Clerk with the court information already placed in the documents. He further alleged that the normal practice for the filing of cases by the District Attorney is to leave the court information blank so that the District Clerk may assign the cases and ensure no

2

appearance of impropriety is present. Furthermore, Shepherd asserted that in the case of indictments, the District Attorney's Office prepares the indictment, leaving the court information assignment blank. After the indictment is signed by the foreperson of the Grand Jury, it is presented to the District Clerk who then assigns the particular case to one of the two District Courts.

Shepherd argued that the assignment of cases should be controlled by local rule, or if not by local rule, then by random assignment of cases, to ensure an appearance of impropriety does not exist and that all defendants are treated equally. Shepherd complains that he was not treated equally under the Fourteenth Amendment of the U.S. Constitution when his case was assigned to a specific court rather than by rule or random assignment.

The Grand Jury of the 253rd Judicial District Court for Liberty County returned a true bill of indictment concerning the same conduct. That indictment was presented to the Liberty County District Clerk, as demonstrated by the clerk's original file stamp, and filed in the 253rd District Court, the trial court in which the State's complaint was filed.

During a hearing on Shepherd's application for writ of habeas corpus, Shepherd complained of the absence of local rules directing where the District Attorney's office should file a case. The District Attorney informed the trial court that Shepherd has a co-defendant in another case, and the trial court recalled that it

was policy that co-defendant cases are filed in the same court and that by filing Shepherd's case in the same court as his co-defendant, the parties are following established policy. The clerk also noted that odd numbered cases are assigned to the 253rd District Court and even-numbered cases are assigned to the 75th District Court, so Shepherd's case would have been assigned to the 253rd District Court anyway. The clerk noted that this policy is not written. The trial judge shared his recollection of administrative discussions among the judges about the policies regarding assigning cases:

> Well, it may not be in writing but that was decided when – when the local – I mean, the Regional Administrative Judge came down, because there was a fight, and it was before my time, there was a fuss between the judges and it also had to do with the County Court at Law.
>
> […]
>
> And after a meeting with the Regional Administrative Judge, and it's not the judge we have now, then it was decided that they would randomly assign numbers. So that – I mean, that was done with our Regional Administrative Judge.

Noting that if Shepherd's case had been randomly assigned it would have been assigned to the 253rd District Court, the trial court orally denied Shepherd's application and subsequently signed a written Order on Writ of Habeas Corpus Seeking Dismissal, denying the writ.

4

Standard of Review

Generally, an appellate court reviews a trial court's decision to grant or deny habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the evidence in the light most favorable to the trial court's ruling. *See Ex parte Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). As such, "appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (internal quotation marks and citation omitted). Appellate courts must be careful, on interlocutory review, not to entertain a pretrial application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal. *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see also Ex parte Smith*, 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005) ("[A] writ of habeas corpus cannot be used for an appeal or to serve the office of an appeal."). Consequently, "whether a claim is even cognizable on pretrial habeas is a threshold issue that

should be addressed before the merits of the claim may be resolved." *Ex parte Ellis*, 309 S.W.3d at 79.

Pretrial habeas corpus proceedings are separate criminal actions from criminal prosecutions. *Greenwell v. Ct. of Appeals for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005) (orig. proceeding). When a trial court denies habeas relief, the applicant has the right to appeal. *Id.* However, "[c]ertain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (per curiam). "If we conclude the grounds on appeal are not cognizable, then we must affirm the trial court's denial of habeas corpus relief." *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.—San Antonio 1998, no pet.) (per curiam).

Whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d at 79 (Tex. Crim. App. 2010); *see Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (addressing cognizability of as-applied challenge). When determining whether an issue is cognizable by pretrial habeas, we consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Ex parte Perry*, 483 S.W.3d at 895-96; *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). A defendant may

6

use a pretrial writ of habeas corpus only in very limited circumstances. *Ex parte Smith*, 178 S.W.3d at 801. The accused may challenge (1) the State's power to restrain him at all, i.e., the existence of probable cause, (2) the manner of his restraint, i.e., the denial of bail or conditions attached to bail, and (3) certain issues that would bar prosecution or conviction. *Id.* On the other hand, the Court of Criminal Appeals has not permitted pretrial writs for claims involving a right to a speedy trial, for collateral estoppel claims that do not allege double jeopardy violations, for challenges to a denial of a motion to suppress, for limitations as a bar to prosecution if the indictment is subject to repair, and for "anti-defensive issues" that do not become applicable until raised by trial evidence. *See Ex parte Ingram*, 533 S.W.3d at 892-94; *Ex parte Edwards*, 663 S.W.3d 614, 615-16 (Tex. Crim. App. 2022); *Ex parte Perry*, 483 S.W.3d at 895 (plurality op.); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Weise*, 55 S.W.3d at 620.

Analysis

In his sole issue on appeal, Shepherd argues that his case should be dismissed because it was not randomly assigned to a District Court in Liberty County. He claims that due process requires that all laws be applied fairly and equally on all defendants, and because his case was assigned to a specific court, he was not treated equally under the Fourteenth Amendment of the U.S. Constitution. "Due process claims are not generally cognizable for pretrial habeas relief." *Ex parte Walsh*, 530

7

S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.); *In re Shaw*, 204 S.W.3d 9, 16 (Tex. App.—Texarkana 2006, pet. ref'd); *Mitchell v. State*, 963 S.W.2d 532, 540-41 (Tex. App.—Tyler 1996), *aff'd*, 977 S.W.2d 575 (Tex. Crim. App. 1997). Due process claims are not cognizable for pretrial habeas relief because such claims are not tied to a right against prosecution, and an appeal provides an adequate remedy for such claims after conviction. *See In re Shaw*, 204 S.W.3d at 16; *see also Ex parte Rathmell*, 717 S.W.2d 33, 48 (Tex. Crim. App. 1986); *Ex parte King*, 134 S.W.3d 500, 504 (Tex. App.—Austin 2004, pet. ref'd). Because a ruling on the merits in Shepherd's favor would not result in his immediate release from confinement, we hold that his claims are not cognizable for pretrial habeas relief, and we hold that the trial court did not err by denying relief. *See Ex parte Walsh*, 530 S.W.3d at 778.

Conclusion

Because Shepherd has not stated a cognizable claim for pretrial habeas relief, we affirm the trial court's order.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on April 24, 2024
Opinion Delivered January 22, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

8